Jon M. Moyers
MOYERS LAW P.C.
490 North 31st Street, Suite 101
Billings, Montana 59101
(406) 655-4900
(406) 655-4905 fax
jon@jmoyerslaw.com

Kathryn Kohn Troldahl
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax
kohnkathryn1@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, EX REL [FILED UNDER SEAL] | ) ) ) CIVIL ACTION NO. |
| PLAINTIFFS/Relators, | ) ) |
| vs. | ) ) ) JURY TRIAL DEMANDED |
| [FILED UNDER SEAL] | ) ) |
| DEFENDANTS, | ) |

_____

**FILED UNDER SEAL AND IN CAMERA AND**
_____

Jon M. Moyers
MOYERS LAW P.C.
490 North 31st Street, Suite 101
Billings, Montana 59101
(406) 655-4900
(406) 655-4905 fax
jon@jmoyerslaw.com

Kathryn Kohn Troldahl
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax
kohnkathryn1@gmail.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| The UNITED STATES OF AMERICA, EX REL STEVE AND JONI HARMAN, | ) ) ) |
| | ) CIVIL ACTION NO. |
| PLAINTIFFS/RELATORS, | ) |
| | ) |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| BNSF RAILWAY COMPANY, MONTANA RAIL LINK, INC. and JOHN DOES 1 – 30, | ) ) ) |
| | ) |
| DEFENDANTS, | ) |

## COMPLAINT FOR VIOLATION OF FEDERAL
## FALSE CLAIMS ACT

The United States of America, by and through qui tam Relators, Steve and

Joni Harman ("Relators"), bring this action under the False Claims Act and Fraud

Enforcement Recovery Act of 2009, 31 U.S.C. §§ 3729 *et seq*. ("FCA"), to recover

from Defendants BNSF Railway Company ("BNSF") and Montana Rail Link, Inc.

("MRL"), and John Does 1 - 30 (collectively "Defendants"), all civil damages,

penalties, and other remedies available under the law, based upon the following

allegations:

## PARTIES, JURISDICTION, AND VENUE

1.      Relators are tenants of land on the former Great Northern Railroad

right of way in Billings, Montana.  They own residential and commercial buildings

located at:

> Mile Post 225+3685, Survey Station 1916+85 as shown on the plate
> dated February 6, 2008.

Relators have expended substantial sums of money improving the property.

2.       Relators lease the land from Defendants for a non-railroad purpose.

*See* Amendment to Lease Agreement, Exhibit A.

3.      This land is not used by Relators for railroad purposes.

4.      This land is not used by Relators for commercial activities that further

a railroad purpose.

5.      This land is not used by Relators for an incidental use to further a

railroad purpose.

6.      The lease arrangement with Defendants is but one of thousands of

similar property arrangements where Defendants bill, collect and retain money for non-railroad uses of federally granted railroad rights of way.

7.     Relators are the proper persons to commence this lawsuit for and on behalf of the United States as qui tam.

8.     Relators are the original source of and have direct and independent knowledge of the allegations made in this lawsuit, per 31 U.S.C. § 3730(b)(2).

9.     Relators are the original source for compiling the documentation substantiating the allegations made in this lawsuit.

10.    The facts and circumstances of Defendants' violations of federal law have not been publicly disclosed in a criminal, civil, or administrative hearing, or in any congressional, administrative, or General Accounting Office or Auditory General's report, hearing audit or investigation, or in the news media.

11.    Relators have voluntarily provided to the Government the documents that support the allegations in this lawsuit, contemporaneously with the filing of this action.  Relators have also identified to the Government witnesses and additional documents supportive of the allegations in this lawsuit.

12.    Defendant BNSF is a Delaware corporation which operates as a common carrier by rail, engaged in interstate commerce, conducting business in various states, including the operation of a line of trackage, in Yellowstone County, State of Montana.  Defendant is a "railroad" as defined by Montana law,

section 69-14-101 of the Montana Code Annotated.  BNSF has a registered agent in Yellowstone County, State of Montana.

13.     Defendant BNSF is a successor in interest to certain federal land grants in which it acquired an easement in various rights of way to be used for railroad purposes only.  Defendant BNSF is a signatory to the lease agreement with Relators.

14.     Defendant MRL is a Class II Montana railroad corporation that operates as a common carrier by rail, engaged in interstate commerce, qualified to do business within the state of Montana, including operating on the line of trackage in Yellowstone County, State of Montana.

15.     Defendant MRL is a lessee of the southern right of way from Laurel, Montana to Sandpoint, Idaho, subject to the terms of the "Master Lease" with Defendant BNSF.  Defendant MRL also is a signatory to the lease agreement with Relators.

16.     Defendant John Does 1 – 30 are persons who may have a property interest in the property which is the subject of this lawsuit, whose identity are currently unknown without the benefit of discovery.

17.     This Court has personal jurisdiction over Defendants whose leaseholds and business activities in this District are the subject of this case. Defendants have purposely availed themselves of jurisdiction and consented to

jurisdiction by conducting business as a railroad in the State of Montana, including this District.

18.     This Court maintains subject matter jurisdiction over this action pursuant to 31 U.S.C. §§ 3732(a) and 3730(b) (False Claims Act) and 28 U.S. C. § 1331 (federal question).

19.     Venue is proper in this Court under 31 U.S.C. § 3732(a) because acts proscribed by 31 U.S.C. § 3729 have been committed by Defendants in this judicial district.  Within the meaning of 28 U.S.C. § 1391(c) and 31 U.S.C. § 3732(a) venue is proper.

## FACTS COMMON TO ALL COUNTS

20.     Beginning in 1850, in a series of sweeping land grants, the United States granted railroads land for a right of way to build and operate transcontinental railroads.  The United States Congress embarked on a policy of subsidizing railroad construction by lavish land grants from the public domain to private railroad corporations.

21.     The initial land grant was in 1862 (Railroad Act of 1862, Ch. 120, 3, 12 Stat. 489), signed by President Abraham Lincoln; subsequent congressional land grants were passed in 1864 (Act of July 2, 1864, Ch. 216, 1 – 22, 13 Stat. 356) and in 1866 (30 U.SC. § 21).  Included in the grants was the Northern Pacific Grant, Act of July 2, 1864, Ch. 217, 13 Stat. 365.

22.     The Northern Pacific Grant, like other land grants before 1871, was a "limited fee" for railroad purposes only; the land granted to the railroad is to revert back to the United States when the railroad ceases to use or retain the land for the purpose for which it was granted. *Northern Pacific R. Co. v. Townsend*, 190 U.S. 267, 23 S.Ct. 671, 47 L.Ed. 1044 (1903); *United States v. Union Pacific R. Co.*, 353 U.S. 112, 114-15 (1957).

23.     Other land was granted under the General Rights of Way Act of 1875, 18 Stat. 482, 43 U.S.C. 934 et seq. All land conveyed by this Act was "but an easement." The Act of June 26, 1906, Ch. 3550, 34 Stat. 482, 43 U.S.C. 940; *Great Northern Ry. Co. v. United States*, 62 S.Ct. 529, 315 U.S. 262, 86 L.Ed. 836 (1942).

24.      The United States is the grantor and owner of the estate servient to all of the railroad rights of way.

25.     Relator's property is on part of the easement granted to BNSF for railroad purposes only.

26.     Defendants have treated the federal railroad easements as their own in fee and thereby deprived the United States of substantial rents, fees, and other monies. Defendants have and continue to grant, quitclaim, sell, convey, transfer, and/or lease property interests on the right of way for non-railroad purposes, such as residential and commercial uses, pipelines, water lines, and sewage lines.

27.     Defendants have no property right entitling them to conduct non-railroad activities on the land comprising the rights of way.  Those rights are retained expressly by the United States.

28.     Defendants knew that the rents, fees and other monies they collected from non-railroad uses was and is improper, violative of federal law, a windfall, unjust, and illegal.

29.     Defendants knew that the United States has superior title and interest to the land granted for railroad right of ways, and Defendants knew that they had no legal rights to grant easements, quitclaims, sell, convey, transfer, and/or lease property on the right of way for non-railroad purposes.

30.     Defendants have failed to reimburse the United States for the rents, fees and other monies they have collected from non-railroad uses of all of the federally granted right of ways, including those in Montana.

31.     Defendants have failed to reimburse the United States for the rents, fees and other monies they have collected from Relators.

32.     Relators are unable to convey or transfer their property in fee due to the alleged property rights asserted by Defendants.

33.     Relators are limited in their use of the property by the alleged property rights asserted by Defendants, and Relators have thereby suffered a diminution of property.

## COUNT I – FEDERAL FALSE CLAIMS ACT

34.     Relators incorporate herein by reference the preceding allegations as if fully set out herein.

35.     The federal False Claims Act, as amended by the Fraud Enforcement Recovery Act of 2009, 31 U.S.C. §§ 3729 *et seq*., provides in pertinent part that any person who knowingly presents or causes to be presented, to an officer or employee of the United States Government, or knowingly makes, uses or causes to be made or sued, a false record or statement to get false or fraudulent claims paid or approved by the Government, or conspires to defraud the Government by getting a false claim allowed or paid, or has possession, custody or control of property or money used or to be used by the government, is liable for a civil penalty of not less than $5,500 and not more than $11,000 per claim, plus three times the amount of damages that the Government sustains because of the act of that person.  *See* 31 U.S.C. §§ 3729-3733.

36.     Under the federal False Claims Act, Defendants owed the United States a duty and an obligation to pay the federal government all rents, fees, and other monies they collected from non-railroad uses of the railroad rights of way.

37.     In all such ways, Defendants acted with actual knowledge of the information, in deliberate ignorance of the truth or falsity of the information, or in reckless disregard of the truth or falsity of the information, to the detriment of the

United States.

38.    Under the federal False Claims Act, Relators are entitled to bring this civil action for a violation of 31 U.S.C. § 3729 on behalf of the United States.  *See* 31 U.S.C. § 3730.

39.    Under the federal False Claims Act, due to their violations, Defendants are liable to the United States for the cost of the civil action brought to recover penalties or damages.  *See* 31 U.S.C. § 3729.

40.    Based upon the conduct described above, Defendants knowingly violated one or more  of the following:

        a.    Failed to reimburse the United States for the rents, fees and other monies they have collected from the use of the federal easement for non-railroad purposes;

        b.    Knowingly conveyed property interests on the federal easement for non-railroad purposes;

        c.    Knowingly engaged in a plan of reverse fraud to unlawfully deprive the United States of rents, fees, and other monies they collected from the use of the federal easement for non-railroad purposes; and,

        d.    Conspired to bill for, collect and retain money from the use of the federal easement for non-railroad purposes.

        WHEREFORE, Relator requests the following relief:

a.      Judgment against Defendants in an amount up to three times the

amount of the rents, fees and other monies improperly collected;

b.      Imposition of penalties up to $11,000 for each violation;

c.      Statutory attorney's fees, costs, and expenses;

d.      Relators' attorneys' fees, costs, and expenses;

e.      The full extent of recovery provided by the Act; and,

f.      Such other and further relief as the Court deems just and

proper.

## COUNT II – DECLARATORY JUDGMENT

41.     Relators incorporate herein by reference the preceding allegations as
if fully set out herein.

42.     An actual dispute and controversy exists concerning Defendants right
to grant easements and collect rent for the use of property for non-railroad
purposes without the consent of or compensation to the United States of America.

43.     Pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil
Procedure 57, Relators seek a declaration by this Court that Defendants do not
have a property right to grant easements, quitclaim, sell and/or lease on or along
the federally granted right of ways.  Defendants have no legal right to exercise
dominion, control or use of the federally granted right of ways for non-railroad use,
and no right to collect rents, fees or other monies from use of the property for non-

railroad purposes.

WHEREFORE, Relators request the following relief:

a.  Declaratory judgment that Defendants have no property right to the federally granted right of way where its use is for non-railroad purposes;

b.  All relief provided for by the Act; and,

c.  Such other and further relief as the Court deems just and proper, including any statutory fees, attorney's fees, costs and expenses.

## COUNT III – UNJUST ENRICHMENT

44.  Relators incorporate herein by reference the preceding allegations as if fully set out herein.

45.  As a result of Defendants collecting rents, fees, and other monies from persons using a railroad right of way for non-railroad purposes, Defendants have obtained and retained a substantial windfall and unjust enrichment, and thereby deprived the United States and its citizens of property and money.

46.  Defendants acted intentionally to enrich themselves through the improper use of the United States' property.

47.  Defendants should be required to disgorge and pay all sums they have received that are properly due and owing to the United States, as restitution for their unjust enrichment.

WHEREFORE, Relator requests the following relief:

a.      Disgorgement by Defendants of all rents, fees, and other monies collected from persons using the federal granted right to way for non-railroad purposes;

b.      Restitution paid to the United States for it to be made whole; and,

c.      Such other and further relief as the Court deems just and proper, including any statutory fees, attorney's fees, costs and expenses.

## COUNT IV – QUIET TITLE

48.      Relators incorporate herein by reference the preceding allegations as if fully set out herein.

49.      The United States is entitled to quiet title in its name all of the federally granted right of ways that are being used for non-railroad purposes.

50.      The United States is entitled to a determination that it holds title superior to any property interest conveyed on the federally granted easements.

51.      Defendants have wrongfully possessed rights by attempting to convey property interest on the federally granted right of ways to persons for non-railroad purposes.  All such agreements are voidable by the United States, and all monies that are due under those agreements are to be payable to the United States and not Defendants

WHEREFORE, Relator requests the following relief:

      a.      Quiet title of all property interests in the United States for any attempt by Defendants to convey or transfer a property right on the federally granted right of way;

      b.      Statutory attorney's fees, costs and expenses;

      c.      Relators' attorneys' fees, costs, and expenses; and,

      d.      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Relators, on behalf of the United States Government, request a jury trial on all triable issues.

Dated this 10th day of May, 2017.

      Respectfully submitted,

      /s/ Jon M. Moyers
      Jon M. Moyers
      MOYERS LAW P.C.
      490 N. 31 St., Suite 101
      Billings, Montana 59101
      Telephone:  (406) 655-4900
      Facsimile:  (406) 655-4905
      Email: jon@jmoyerslaw.com

      **ATTORNEY FOR PLAINTIFF**